**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
UNITED STATES OF AMERICA,

    -against-                             07 Cr. 580-02 (CM)

NICHOLAS SANTANA,
            *DEFENDANT.*
------------------------------X


**ATTACHMENTS TO NICHOLAS SANTANA'S MEMORANDUM OF LAW IN SUPPORT OF A NON-GUIDELINES SENTENCE UNDER <u>18 U.S.C. 3553</u> (a)**


THOMAS J. SULLIVAN
930 GRAND CONCOURSE (APT 4-C)
BRONX, NEW YORK 10465
(718) 590-7800
COUNSEL FOR NICHOLAS SANTANA

# LETTERS

# EXHIBIT "A"

Scott Corr
530 Riverdale Ave.
Yonkers, NY 10705
(914) 968-2509

April 16, 2008

To Whom It May Concern:

I am writing this letter to request leniency for my friend Nick Santana. I have known Nick for over twenty years, in which time he has proven himself to be a true friend. Although he is currently in this unfortunate situation, I would like to write on his behalf regarding his character.

Nick has always been a loyal friend to me as well as my family. He has often gone out of his way in helping out others. He has great compassion and is missed by his family and friends. Along with being a great friend, I have also worked with Nick in the past at Power Communications. As a co-worker he was responsible and hardworking, and always there for the team. In all that he does, Nick is a humble man and knows when he has made a mistake. He may have made some bad decisions recently, but is the type of man who rights his wrongs. I feel Nick deserves another chance at putting his life back in order.

I hope this letter has given some insight into who Nick really is and therefore help in making any decision regarding his future. If I can be of any further assistance please feel free to contact me. Thank you for your time in reading this letter.

Sincerely,

Scott Corr

To whom it may concern:

My name is Tina Stiglianese and I have known Nicholas Santana for 18 years. We met in Junior High School, in the 7th grade. Nicholas and I began a relationship in May of 2000. We were together up until the day he was arrested in May of 2007. During those 7 years, he treated me very well. He has a great personality and many wonderful qualities. He is also a very good caretaker. He is well liked by everyone that knows him.

Nicholas is a friendly, funny, respectful, considerate, sensitive, sweet, caring, loving and loyal person. He has always been there for me when I needed him. There were many times when I was sick and he did everything he could to make me feel better. He made me soup if I had a cold, he cooked for me, he even stayed right by my side when I was vomiting and held my hair back for me. He massaged my head many times when I was suffering with migraine headaches.

Nicholas is also domestically inclined. When we were living together, he did most of the housework. He did the cooking, cleaning, dishes and he even helped me with the laundry. He knew that I hated doing housework so he did whatever he could to make my life easier. He is just that kind of person.

It has been a very hard time for me not having him around anymore. He did a lot for me when we were together. I have been greatly affected by his incarceration this past year. My life hasn't been the same without him. There were many nights I just couldn't sleep, many days I couldn't eat and couldn't stop crying. I miss having him here every day.

I know that he made a mistake but he is still a wonderful person and many people who know him would agree. I know he is sorry for his mistake. I also know it hurts him every day for doing this to me because he loves me whole-heartedly and would never hurt me intentionally. Everyone makes mistakes in life and we all just have to learn from them and move on. I believe Nicholas has already realized that and is going to be an even better person when he comes home.

**Allen P. Dillon**
**4660 Manhattan College Parkway Apt.2E**
**Bronx, N.Y. 10471**

**Honorable Judge,**

I am writing this letter to you for Nick Santana on behalf of a plea for leniency in a sentence to be imposed by you. I welcome the opportunity to state as forthrightly and honestly as I can that I believe he deserves special consideration in his sentencing.

Life has not been easy for Nick. I have known Nick for the past twenty four years. I made his acquaintance when he was just a child. My family's business, Parkview Sports, is adjacent to the apartment building where Nick grew up. When I met Nick he was only eight years old and he had already lost his mother to a drug and alcohol overdose and his father was in prison. Nick bounced between his grandmother and uncle's apartments, both of whom are now deceased. His aunt and uncle were both drug users and were not much of a positive influence. Grandma was elderly and not strong enough to take care of Nick as he became a teenager. Nick worked for myself and my family for many years starting when he was in junior high school. Nick was like a son or a little brother to me and I found him to be an honest, sincere, and hard-working person.  As Nick grew older, I believe not having any parents to keep him heading in the right direction led to his transgression of law. I was fortunate enough to have two parents to watch over me and send me to private school but Nick was not given any of these opportunities. He went to public school in the Bronx and even though I tried to keep on top of him and keep in touch with his teachers, he ended up hanging out with the wrong crowd. There was only so much I could do without any help from his family. I believe Nick recently fell under some strong counter influences and failed to see the graveness of his illegal doings.

To this day I consider Nick to be family and one of my dearest friends. I ask you to look at his clean record which is without offenses. Up to the time of his arrest, Nick Santana had been a good citizen. I do believe that he has learned from this unfortunate experience and has maturely accepted his guilt, and that he fully understands the seriousness of his offense.  I want to assure that he has made amends for his offense, deserves leniency, and should be granted

a second chance.


Sincerely,


Allen P. Dillon

# PLEA AGREEMENT

# EXHIBIT "B"



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas St.*
*White Plains, New York 10601*

December 10, 2007

William K. Schwarz, Esq.
5 Waller Ave.
White Plains, New York 10601

**Re: United States v. Nicholas Santana, 07 Cr. 580 (CLB)**

Dear Mr. Schwarz:

  On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Nicholas Santana ("the defendant") to Count One of the above-referenced Indictment. Count One charges the defendant with conspiring to distribute and to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), and carries a maximum sentence of life imprisonment, a mandatory minimum sentence of ten years' imprisonment, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $4,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, a $100 special assessment, a maximum term of supervised release of life, and a mandatory minimum term of supervised release of five years. In addition to the foregoing, the Court must order restitution in accordance with Sections 3663, 3663A and 3664 of Title 18, United States Code, although the Government is not aware of a factual basis for restitution.

  In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for the conduct described in the Complaint or the above-referenced Indictment. In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

  In consideration of the foregoing and pursuant to Sentencing Guidelines Section 6B1.4, the parties hereby stipulate to the following:

09.19.07

A.   Offense Level

1.   Pursuant to U.S.S.G. §§ 2D1.1(a)(3) and (c), because the offense involved at least 3,000 kilograms but less than 10,000 kilograms of marijuana, the base offense level is 34.

2.   Because the defendant possessed a dangerous weapon, namely, a firearm, there is a two-level increase in the offense level. *See* U.S.S.G. § 2D1.1(b)(1).

3.   Because the defendant was an organizer, leader, manager, or supervisor in the criminal activity, there is a two-level increase in the offense level. *See* U.S.S.G. § 3B1.1(c).

4.   Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to § 3E1.1(a), U.S.S.G. Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional 1-level reduction is warranted, pursuant to § 3E1.1(b), U.S.S.G, because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 35.

B.   Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

C.   Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated sentencing Guidelines range is 168 to 210 months (the "Stipulated Guidelines Range"). In addition, Title 21, United States Code, Section 841(b)(1)(A) requires a statutory minimum term of imprisonment of 120 months. After determining the defendant's ability to pay, the Court may also impose a fine pursuant to §5E1.2. At Guidelines level 35, the applicable fine range is $20,000 to $4,000,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

The parties further agree that a sentence within the Stipulated Guidelines range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this agreement limits the right of the parties (i) to present to the Probation Department or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above. Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should the defendant move to withdraw his guilty plea once it is entered, or should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this agreement.

It is understood that pursuant to Sentencing Guidelines §6B1.4(d), neither the Probation Department nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Department or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines range is reasonable. This provision is binding on the parties even if the Court employs

a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

By entering this plea of guilty, the defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. The defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

It is further agreed that should the conviction(s) following defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Richard C. Tarlowe
Assistant United States Attorney
(914) 993-1963

APPROVED:

_____
Margery B. Heinzig
Chief, White Plains Division

AGREED AND CONSENTED TO:

_____    _____
Nicholas Santana                   DATE

APPROVED:

_____    _____
William Schwarz, Esq.              DATE
Attorney for Nicholas Santana

09.19.07                           5